## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**
                              **Plaintiff,**

**-vs-**                                                    **Case No.  6:08-cv-680-Orl-18KRS**

**INGRID COOK,**
                              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 11)** |
| **FILED:** | **October 10, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

## I.  INTRODUCTION.

    On April 28, 2008, Plaintiff United States of America ("United States") filed a Complaint against Ingrid Cook seeking to recover principal and interest owed by Cook for failing to make payments on a student loan.  Doc. No. 1.  Cook was served with process, Doc. No. 7, but has not answered the Complaint.  Accordingly, at the United States' request, the Clerk of Court entered a default against Cook.  Doc. Nos. 9-10.  The United States has now filed the instant motion for entry of default judgment.  Doc. No. 11.

In support of the motion, the United States filed the Declaration of Steven Davis indicating that Cook is not presently in the military service of the United States, and thereby entitled to the protection of 50 U.S.C. § 520, or otherwise requiring special service in accordance with Fed. R. Civ. P. 4(g). Doc. No. 8 at 5.  Attached to the complaint are sworn Certificates of Indebtedness from the United States Department of Education.  Doc. No. 1-3 through 1-7.  Included in the motion is a Bill of Costs seeking recovery of the costs of litigation in the amount of $375.00.  Doc. No. 11 at 2-3.

## II.     APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages.  Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Id*.

**III.     ALLEGATIONS OF THE COMPLAINT.**

      The United States alleges Cook owes the United States the principal amount of $14,116.61, and interest in the amount of $18,438.08 as of October 10, 2008, together with interest accruing thereafter at the rate of 8% per annum. Doc. No. 1 ¶ 4. The sworn Certificates of Indebtedness from the Department reflect the following:

1.      On or about March 20, 1986, Cook executed promissory notes to secure a loan of $833.00 from First United Bank at 8% interest per annum. Doc. No. 1-3.  The loan was guaranteed by the Student Loan Marketing Association and then reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.* The original holder of the loan demanded payment according to the terms of the loan, but received no payment. Cook defaulted on the loan on November 16, 1991. Due to the default, the guaranty agency paid the amount then due, which was $934.43. The guarantor was then reimbursed for the payment of the claim by the Department pursuant to a reinsurance agreement. *Id.*

2.      On or about April 15, 1984, Cook executed promissory notes to secure a loan of $2,500.00 from Marine Midland Bank Western at 8% interest per annum. Doc. No. 1-4.  The loan was guaranteed by the California Student Aid Commission and then reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.*  The original holder of the loan demanded payment according to the terms of the loan, but received no payment. Cook defaulted on the loan on November 29, 1989. Due to the default, the guaranty agency paid the amount then due, which was

$2,689.04. The guarantor was then reimbursed for the payment of the claim by the Department pursuant to a reinsurance agreement. *Id.*

3.    On or about June 7, 1989, Cook executed promissory notes to secure a loan of $2,500.00 from Commercial National Bank at 8% interest per annum. Doc. No. 1-5. The loan was guaranteed by United Student Aid Funds and then reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.* The original holder of the loan demanded payment according to the terms of the loan, but received no payment. Cook defaulted on the loan on April 11, 1991. Due to the default, the guaranty agency paid the amount then due, which was $1,422.94. The guarantor was then reimbursed for the payment of the claim by the Department pursuant to a reinsurance agreement. *Id.*

4.    On or about November 16, 1987, Cook executed promissory notes to secure a loan of $4,000.00 from First United Bank at 8% interest per annum. Doc. No. 1-6.  The loan was guaranteed by United Student Aid Funds and then reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.*  The original holder of the loan demanded payment according to the terms of the loan, but received no payment. Cook defaulted on the loan on November 12, 1992. Due to the default, the guaranty agency paid the amount then due, which was $2,841.96. The guarantor was then reimbursed for the payment of the claim by the Department pursuant to a reinsurance agreement. *Id.*

5.    On or about April 7, 1988 and July 19, 1988, Cook executed promissory notes to secure loans of $2,000.00 and $4,000.00 from First United Bank at 8% interest per

annum. Doc. No. 1-7.  The loans were guaranteed by the United Student Aid Funds and then reinsured by the Department of Education under the Higher Education Act, 20 U.S.C. 1071, *et seq. Id.*  The original holder of the loans demanded payment according to the terms of the loans, but received no payment. Cook defaulted on the loans on November 12, 1992. Due to the default, the guaranty agency paid the amount then due, which was $5,643.00. The guarantor was then reimbursed for the payment of the claim by the Department pursuant to a reinsurance agreement. *Id.*

The United States seeks judgment against Cook in the amount of $14,116.61, together with interest in the amount of $18,438.08 as of October 10, 2008, and interest on the principal amount accruing thereafter at the rate of 8% per annum. Doc. No. 11 ¶ 4.

## IV.   ANALYSIS.

### A.   *Liability.*

"In order for judgment to be entered in favor of the United States, it must prove that (1) Defendant executed the note; (2) that United States is the present holder of the note; and (3) the note is in default." *United States v. Mendoza*, C.A. No. C-06-171, 2007 WL 677268, at *1 (S.D. Tex. Mar. 1, 2007).

The body of the Complaint does not allege that Cook executed promissory notes, that the United States is present holder of the notes, or that the notes are in default.  However, Federal Rule of Civil Procedure 10(c) provides "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Attached to the Complaint are Certificates of Indebtedness.  The Certificates reflect that Cook signed the promissory notes, the notes had been assigned to the Department, and that the notes are in default.  Doc. No. 1-3 through 1-7.

Accordingly, by failing to answer the Complaint, Cook is deemed to have admitted that she signed the promissory notes, that the United States is the present holder of the notes by assignment, and that the notes are in default.  This is sufficient to establish that Cook is liable for payment due under the notes.

B.      *Damages.*

The sworn Certificates of Indebtedness establishe that Cook failed to make any payments of sums due under the promissory notes as of October 6, 2005.  Accordingly, the Department of Education avers that Cook owes the United States the following sums:

| | |
|---|---|
| Principal: | $ 14,116.61 |
| Interest: | $ 18,438.08 (as of October 10, 2008) |
| Total debt as of 3/20/08: | $ 32,554.69 |
| Additional prejudgment interest: | $      3.09 per day. |

This is sufficient to establish the damages due to the United States.

C.      *Costs.*

The United States seeks the following of costs of the action:

| | |
|---|---|
| Clerk's Filing Fee (pursuant to 28 U.S.C. § 1914(a)): | $  350.00 |
| Fees for Service and Travel (pursuant to 28 U.S.C. § 1921): | $   25.00 |
| Total | $  375.00 |

Pursuant to Fed. R. Civ. P. 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs" or there is a United States statute or federal rule of civil procedure to the contrary. The recovery of costs is subject to the Court's broad discretion, *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991), and is limited to those costs

expressly provided for by statute, *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The filing fee and service of process fee are taxable costs.  However, the United States presented no evidence that it actually incurred these fees, other than counsel's representation that the information contained in the motion is true.  The docket does not reflect that the United States paid a filing fee.[1]  It is unclear whether the $25.00 cost is the amount paid to the process server, or some other cost.  Accordingly, I recommend that the Court not award costs at this time, but permit the United States to file a separate Bill of Costs within the time permitted by the rules of the Court after judgment is entered.

## V.    RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Motion for Entry of Default Judgment, Doc. No. 11, be **GRANTED in part**, and that the Court enter judgment against Ingrid Cook in the amount of $32,554.69 plus accrued pre-judgment interest. I further recommend that the Court direct the United States to submit a proposed judgment with the pre-judgment interest calculated as of the date provided by the Court.  I further recommend that the motion be **DENIED in part** with respect to the request for an award of costs, but that the Court grant the United States leave to file a separate Bill of Costs, supported by evidence of the costs actually incurred, within

---

[1]     Clerks of the United States District Courts normally do not require the United States, as a party in any civil action, to pay a filing fee. *See United States v. Spann*, 797 F. Supp. 980, 981-82 (S.D. Fla. 1992).

the time permitted by the rules of the Court.  Finally, I recommend that the Clerk of Court be directed to close the file after judgment is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE